**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                                     )
NICOLA MUKARKER,                     )
                                     )
                 Plaintiff,          )
                                     )
v.                                   )   Civil Action
                                     )   No. 16-10355-PBS
CITY OF PHILADELPHIA; PHILADELPHIA   )
INTERNATIONAL AIRPORT; and           )
OTIS ELEVATOR CO.,                   )
                                     )
                 Defendants.         )
_____)
```

**MEMORANDUM AND ORDER**

April 12, 2016

Saris, C.J.

**INTRODUCTION**

Plaintiff Nikola Mukarker filed this diversity action against the City of Philadelphia (the City), the Philadelphia International Airport (the Airport), and Otis Elevator Company (Otis), based on premises liability against all Defendants (Count I), and strict liability against Otis (Count II). The City and the Airport moved to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).[1] After hearing, the Court **ALLOWS** the Motion to Dismiss, because the defendants did not purposefully avail themselves of the privileges of conducting activities in Massachusetts.

---

[1] The third defendant, Otis, did not join the present motion.

1

**FACTUAL BACKGROUND**

The following facts are taken from the Complaint (Docket No. 1, Ex. A), and two affidavits Plaintiff submitted in support of his opposition to the motion (Docket No. 14, Exs. 1-2).

On January 15, 2013, Plaintiff arrived at the Airport from Punta Cana, Dominican Republic. While traveling between terminals A and C, en route to a connecting flight to Boston, the plaintiff stepped onto a moving walkway. The patron directly ahead of him on the walkway was using a luggage cart provided by the Airport. The cart became stuck in the comb-plate at the end of the walkway, blocking its exit. Plaintiff collided with the stationary luggage cart and fell on his shoulder. He was later diagnosed with a traumatic massive rotator cuff tendon tear in his left shoulder. There were no signs to alert Plaintiff to the hazard or warn patrons against the use of luggage carts on the moving walkway. Plaintiff alleges that Defendants were aware, or should have been aware, of the hazard of a luggage cart getting stuck in the comb-plate at the end of the moving walkway, and that all Defendants negligently failed in their duty to properly maintain and supervise the moving walkway.

Mukarker is a resident of Belmont, Massachusetts. The City is a municipal corporation organized under the laws of Pennsylvania, and the Airport's principal place of business is Philadelphia, Pennsylvania.

**DISCUSSION**

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), Plaintiff bears the burden of proving that the Court has personal jurisdiction over Defendants. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002). "When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the 'prima facie' standard governs its determination." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). The prima facie standard "permits the district court to consider only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Daynard, 290 F.3d at 51 (internal quotation marks and citations omitted). The Court "must accept the plaintiff's (properly documented) evidentiary proffers as true," and "construe them in the light most congenial to the plaintiff's jurisdictional claim." Adelson v. Hananel, 510 F.3d 43, 48 (1st Cir. 2007) (internal quotation marks and citations omitted). The facts put forward by the defendants "become part of the mix only to the extent that they are uncontradicted." Id.

For this Court to exercise specific jurisdiction, as Plaintiff contends,[2] Plaintiff "must meet the requirements of both the Massachusetts long-arm statute and the Due Process Clause of the Fourteenth Amendment." Cossart v. United Excel Corp., 804 F.3d 13, 18 (1st Cir. 2015). The Due Process Clause requires nonresident defendants to have sufficient minimum contacts with Massachusetts "such that the maintenance of the suit does 'not offend traditional notions of fair play and substantial justice.'" A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 59 (1st Cir. 2016) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). For specific jurisdiction, the minimum contacts analysis is divided into three parts:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

Adelson, 510 F.3d at 49 (internal quotation marks and citations omitted). The plaintiff "must succeed on all three prongs in order to establish personal jurisdiction." C.W. Downer & Co. v.

---

[2] Plaintiff concedes that this Court does not have general jurisdiction over Defendants.

Bioriginal Food & Sci. Corp., 771 F.3d 59, 65 (1st Cir. 2014). If the plaintiff fails to satisfy the first two prongs, the Court need not reach the issue of reasonableness. Sawtelle v. Farrell, 70 F.3d 1381, 1394 (1st Cir. 1995) (noting "the gestalt factors come into play only if the first two segments of the test for specific jurisdiction have been fulfilled").

The relatedness prong is a "flexible, relaxed standard," which "requires the plaintiff to show a demonstrable nexus between its claims and the defendant's forum-based activities, such that the litigation itself is founded directly on those activities." C.W. Downer, 771 F.3d at 66 (internal quotation marks, citations, and alterations omitted). "The purposeful availment prong represents a rough quid pro quo: when a defendant deliberately targets its behavior toward the society or economy of a particular forum, the forum should have the power to subject the defendant to judgment regarding that behavior." Id. (internal quotation marks, citations, and alterations omitted).

Here, with respect to the first two prongs, Plaintiff contends that Defendants purposefully availed themselves of the privileges of conducting activities in Massachusetts because "Philadelphia has voluntarily permitted extensive travel directly between its facilities and Massachusetts," including the plaintiff's flight, and the Airport maintains a website

accessible to Massachusetts residents. Docket No. 14 at 7. Plaintiff highlights that Boston is the fourth most frequent destination for flights from the Airport, from which Defendants allegedly "obtain substantial revenue." Docket No. 14 at 4. Between December 2014 and November 2015, 643,000 passengers traveled from the Airport to Boston. Docket No. 14, Ex. 2, at 3. Defendants respond that they have insufficient contacts with this forum because all of their suit-related conduct took place in Pennsylvania. They emphasize that the Airport's website is passive and merely provides information.

    Plaintiff provides no evidence that the Airport deliberately targeted Massachusetts through its website or otherwise. Cf. Patrick v. Mass. Port Auth., 141 F. Supp. 2d 180, 184-85 (D.N.H. 2001) (rejecting argument that New Hampshire had general jurisdiction over Massport, even though Massport had advertised in New Hampshire and Logan Airport was used by a large number of New Hampshire residents, because the contacts were "tangential"). The First Circuit has held that "the mere availability of a passive website . . . cannot, standing alone, subject a defendant to personal jurisdiction in the forum." A Corp., 812 F.3d at 61; see also, Edvisors Network, Inc. v. Educ. Advisors, Inc., 755 F. Supp. 2d 272, 282 (D. Mass. 2010) (utilizing a "sliding scale test" to distinguish between passive, interactive, and commercial websites with respect to

6

whether they give rise to personal jurisdiction); Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) (stating that passive websites do "little more than make information available to those who are interested in it," and are "not grounds for the exercise of personal jurisdiction"). Although the Airport's website is accessible in Massachusetts, it "affords no mechanism for Massachusetts residents to order any goods or services." A Corp., 812 F.3d at 60. Therefore, Plaintiff has failed to meet his burden to prove that the Court has personal jurisdiction over Defendants.

## ORDER

For the foregoing reasons, the Court **ALLOWS** the City's and the Airport's Motion to Dismiss (Docket No. 6).

/s/ PATTI B. SARIS  
Patti B. Saris  
Chief United States District Judge