## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
_____
                              )
NICOLA MUKARKER,              )
                              )
              Plaintiff,      )
                              )
v.                            )         Civil Action
                              )        No. 16-10355-PBS
CITY OF PHILADELPHIA; PHILADELPHIA )
INTERNATIONAL AIRPORT; and    )
OTIS ELEVATOR CO.,            )
                              )
              Defendants.     )
_____)
```

## MEMORANDUM AND ORDER

Date

Saris, C.J.

### INTRODUCTION

Plaintiff Nicola Mukarker fell and injured his shoulder while riding a moving walkway between terminals during a lay-over at Philadelphia International Airport. Plaintiff filed this diversity action against Otis Elevator Company based on negligent maintenance (Count I)[1] and strict product liability (Count II). Defendant now moves for summary judgment on both counts. On Count I, Defendant argues that the negligence claim is barred by Pennsylvania's two-year statute of limitations for

---

[1] The City of Philadelphia and Philadelphia International Airport were also named as defendants on Count I. The Court allowed the city's and the airport's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). See Docket No. 21. Defendant did not join the motion to dismiss.

tort claims. On Count II, Defendant argues that it cannot be strictly liable because it did not design, manufacture, sell, distribute, or install the moving walkway.

After hearing argument, the Court **ALLOWS** the Motion for Summary Judgment on Count I on the ground it is time-barred. The Court **DENIES** summary judgment on Count II without prejudice to renewal after limited discovery.

## FACTUAL BACKGROUND

When all reasonable inferences are drawn in Plaintiff's favor, the following facts are treated as undisputed except where stated.

Plaintiff is a 67-year old Massachusetts resident. On January 15, 2013, Plaintiff had a layover at Philadelphia International Airport while returning to Massachusetts from the Dominican Republic. Plaintiff planned, booked, and paid for his trip in Massachusetts. When attempting to exit a moving walkway (designated as "C17") at the airport, Plaintiff fell over a stuck luggage cart that blocked the walkway exit. As a result, Plaintiff suffered a "traumatic massive rotator cuff tendon tear." Docket No. 41, Ex. A, ¶ 8. Plaintiff received medical care, paid for by his state insurer: MassHealth.

Defendant is a New Jersey corporation with its principal place of business in Connecticut. Defendant regularly conducts business in both Massachusetts and Pennsylvania and maintains a

registered agent in both states. Defendant was responsible for
maintenance of the moving walkway when Plaintiff tripped. The
City of Philadelphia Procurement Department solicited bids for
the facility maintenance contract that governs maintenance of
the moving walkway in question. Docket No. 33, Ex. F. Defendant
has submitted an affidavit that it did not manufacture, design,
distribute, sell, or install the moving walkway. Docket No. 33,
Ex. E, ¶ 5. Plaintiff seeks discovery on this assertion. Docket
No. 41-3.

Plaintiff filed suit in Middlesex Superior Court on January
13, 2016. Docket No. 1, Ex. A. The case was removed to this
Court on February 22, 2016. Docket No. 1.

## DISCUSSION

Summary judgment is appropriate when there is "no genuine
dispute as to any material fact and the movant is entitled to
judgment as a matter of law." Fed. R. Civ. P. 56(a). To succeed
on a motion for summary judgment, the moving party must
demonstrate that there is an "absence of evidence supporting the
non-moving party's case." Sands v. Ridefilm Corp., 212 F.3d 657,
661 (1st Cir. 2000) (citing Celotex Corp. v. Catrett, 477 U.S.
317, 325 (1986)). The burden then shifts to the non-moving party
to set forth specific facts showing that there is a genuine
issue of material fact for trial. Quinones v. Houser Buick, 436
F.3d 284, 289 (1st Cir. 2006). A genuine issue exists where the

evidence is "sufficiently open-ended to permit a rational
factfinder to resolve the issue in favor of either side." Nat'l
Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir.
1995). A material fact is "one that has the potential of
affecting the outcome of the case." Calero-Cerezo v. U.S. Dep't
of Justice, 355 F.3d 6, 19 (1st Cir. 2004). In its review of the
evidence, the Court must examine the facts in the light most
favorable to the non-moving party and draw all reasonable
inferences in its favor. Sands, 212 F.3d at 661. Ultimately, the
Court is required to "determine if there is sufficient evidence
favoring the nonmoving party for a jury to return a verdict for
that party." Id. (quotation marks omitted).

    I.   Statute of Limitations on Negligence Claim

This motion presents a choice of law question: which
state's statute of limitations applies to Plaintiff's negligence
claim, Massachusetts or Pennsylvania? Because this Court is
sitting in diversity, it must apply the forum state's choice of
law analysis. See Reicher v. Berkshire Life Ins. Co. of Am., 360
F.3d 1, 4 (1st Cir. 2004). The forum state, Massachusetts, uses
the choice of law analysis from the Restatement (Second) of
Conflict of Laws. See Nierman v. Hyatt Corp., 808 N.E.2d 290,
292 (Mass. 2004) (citing Restatement (Second) of Conflict of

Laws § 142 (Supp. 1989)). The Restatement sets forth a two-

pronged analysis:

> Whether a claim will be maintained against the defense
> of the statute of limitations is determined under the
> principles stated in § 6. In general, unless the
> exceptional circumstances of the case make such a
> result unreasonable:
>> (1) The forum will apply its own statute of
>> limitations barring the claim.
>> (2) The forum will apply its own statute of
>> limitations permitting the claim unless:
>>> (a) maintenance of the claim would serve no
>>> substantial interest of the forum; and
>>> (b) the claim would be barred under the
>>> statute of limitations of a state having a
>>> more significant relationship to the parties
>>> and the occurrence.

Restatement (Second) of Conflict of Laws § 142 (Supp. 1989). As

reframed by the Supreme Judicial Court: "Stated in affirmative

terms, a forum should apply its own statute of limitations

permitting the claim if it would advance a substantial forum

interest and would not seriously impinge upon the interests of

other states." Nierman, 808 N.E.2d at 292 (internal quotation

marks omitted) (citing Restatement (Second) of Conflict of Laws

§ 142 (Supp. 1989)). A court must "consider (1) whether

Massachusetts has a substantial interest in permitting the

claims to go forward and (2) whether [the non-forum state] has a

more significant relationship to the parties and negligence

claim." Id. at 293. In navigating the prong two analysis, the

"substantial interest" test is conducted "with some sensitivity"

to the "most significant relationship" test. See Stanley v. CF-

<u>VH Assocs., Inc.</u>, 956 F. Supp. 55, 59 (D. Mass. 1997) (citing Restatement (Second) of Conflict of Laws § 142, cmt. e (Supp. 1989)).

Both parties agree that Massachusetts' statute of limitations did not run before Plaintiff filed suit, so the analysis is under Section 142's second prong. Defendant argues that Pennsylvania's two-year statute of limitations for tort claims, 42 Pa. Cons. Stat. §§ 5524(2),(7), applies to Plaintiff's negligence claim, because Pennsylvania has a more significant relationship to the claim and Massachusetts has, at most, a generic interest in the claim. Specifically, Defendant argues that Pennsylvania was the site of the injury, the location of the alleged negligence, and the walkway is maintained by employees working from an office in Pennsylvania.

Plaintiff replies that a Massachusetts court would apply Massachusetts' three-year statute of limitations, Mass. Gen. Laws ch. 260, § 2A, because the state has a substantial interest in his claim. Plaintiff emphasizes that applying Massachusetts' three-year statute of limitations would serve the Commonwealth's economic interest because MassHealth (a state health insurer) paid for Plaintiff's significant medical expenses.

<u>Nierman</u> is the key case on point. In <u>Nierman</u>, the married plaintiffs, Massachusetts domiciliaries, filed suit in Massachusetts more than two years after the wife suffered an

injury at a Hyatt hotel in Texas. Texas' two-year statute of limitations had run. Massachusetts' connections to the case were its role as forum state and the plaintiffs' domicile. The site of the injury and the alleged negligent acts took place in the non-forum state. Hyatt was not domiciled in Texas or Massachusetts, but it operated in both states. The employees closest to the incident were in Texas. In Nierman, the Court held that there were more substantial connections to Texas, and found that Massachusetts' interest was limited to the "general interest in having its residents compensated for injuries suffered in another State." 808 N.E.2d at 293–94. So too here.

In an attempt to distinguish Nierman, Plaintiff argues that Massachusetts has a substantial interest because it provides his health insurance. In some cases, courts have considered the economic interest of Massachusetts in recouping benefits under prong two of Section 142. See Elliston v. Wing Enterprises, Inc., 146 F. Supp. 3d 351, 354 (D. Mass. 2015) (Saylor, J.) (applying Massachusetts' statute of limitations in a product liability action, in part, because the Commonwealth likely would recoup some of plaintiff's state workers' compensation benefits via subrogation). See also Anderson v. Lopez, 957 N.E.2d 726, 729 (Mass. App. Ct. 2011) (applying Massachusetts' statute of limitations where motor vehicle accident occurred in Canada but

defendants lived in Massachusetts and were insured by a Massachusetts insurer).

The test, though, is not just whether Massachusetts has its own economic interest in having its citizens compensated so that it can recoup health benefits, but whether another state has a "closer connection" than Massachusetts. In two unpublished opinions, the Massachusetts Appeals Court held that the financial implications of workers' compensation and other Massachusetts laws did not give the forum state a substantial interest to overcome a more significant relationship to the claim. See Lynch v. Stop & Shop Supermarket Co., LLC, 996 N.E.2d 500 (Mass. App. Ct. 2013) (applying Pennsylvania's statute of limitations although plaintiff received a Massachusetts workers' compensation settlement and medical treatment in Massachusetts); Gonzalez v. Johnson, 918 N.E.2d 481 (Mass. App. Ct. 2009) (applying Connecticut's statute of limitations although the social and financial implications of the plaintiff's injury might be felt most strongly in Massachusetts).

The court must follow the walkway provided by Nierman. Although Massachusetts may have a financial interest in recouping health benefits paid by MassHealth, its interest falls short when compared to Pennsylvania's. There are "strong policy judgments" underlying Pennsylvania's statute of limitations. Gustine Uniontown Assocs., Ltd. v. Anthony Crane Rental, Inc.

L.P., 842 A.2d 334, 346 (Pa. 2004). Pennsylvania's statute of limitations is designed to "expedite litigation" and "discourage delay," purposes Pennsylvania courts deem sufficiently important to strictly construe statutes of limitations. Id. (citing Ins. Co. of N. America v. Carnahan, 284 A.2d 728, 729 (Pa. 1971); see also Cunningham v. Ins. Co. of N. America, 530 A.2d 407, 409 (Pa. 1987) ("at some point, claims should be laid to rest so that security and stability can be restored to human affairs"). Furthermore, Pennsylvania has the most significant relationship to the claim as the site of the injury and the state where the alleged negligent maintenance was performed. Pennsylvania's two-year statute of limitations applies in this case and Count I is time barred. Thus, summary judgment on Count I is **ALLOWED**.

    II.   <u>Strict Liability</u>

    Defendant put forth evidence that it did not manufacture the C17 moving walkway. See Docket No. 33, Ex. F. Defendant also submitted an affidavit stating on information and belief that it did not design, distribute, install, or sell the C17 moving walkway. See Docket No. 33, Ex. E, ¶ 6. The magistrate judge stayed discovery on this issue. Targeted, proportional discovery will be permitted with respect to the assertions in the affidavit. Thus, summary judgment on Count II is **DENIED** as premature.

## ORDER

For the foregoing reasons, the Court **ALLOWS** the Motion for Summary Judgment (Docket No. 31) on Count I. The Court **DENIES** the Motion for Summary Judgment (Docket No. 31) on Count II without prejudice to Defendant renewing its motion after limited discovery.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge